UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD E. HANSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 17-1011 |
| MARK D. JOHNSON, | ) ) ) |
| Defendant. | ) ) |

# ORDER AND OPINION

This matter is now before the Court on Defendant Johnson's Motion [12] to Dismiss and Plaintiff Hanson's Motion [18] for Default Judgment. For the reasons set forth below, Defendant's Motion [12] is GRANTED and Plaintiff's Motion [18] is DENIED. Plaintiff may amend his Complaint within 14 days of this Order if he has a good faith basis for doing so.

### BACKGROUND

On January 11, 2017, Plaintiff Hanson filed a *pro se* Complaint, and later an Amended Complaint, against Defendant Johnson alleging that Defendant violated his Illinois and federal constitutional rights by wrongfully possessing over $610,000 worth of Plaintiff's property and goods. Both Plaintiff and Defendant are citizens of Illinois. Plaintiff alleges that Johnson, who he retained in 2010 to represent him in connection with a criminal felony case and two civil cases in Illinois state court, absconded with property given to Johnson as collateral after Johnson withdrew from representing Hanson on July 15, 2010.

Plaintiff's Amended Complaint alleges that Johnson was suspended from the practice of law by the Illinois Attorney Registration and Disciplinary Committee in 2016 for conduct relating to his representation of Hanson. Plaintiff has a similar state court action against Johnson

1

pending in McLean County. Hanson is currently incarcerated at Dixon Correctional Center in Dixon, Illinois. Defendant Johnson's Motion asserts that this action must be dismissed because this Court lacks diversity jurisdiction to hear Hanson's state law claims, Hanson has not alleged a federal cause of action, and Defendant is not a state or federal actor. This Order follows.

## LEGAL STANDARD

Courts have traditionally held that a complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief. See *Conley v. Gibson*, 355 U.S. 41 (1957); *Gould v. Artisoft, Inc.*, 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in the Federal Rules of Civil Procedure 8(e). More recently, the Supreme Court has phrased this standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). The claim for relief must be "plausible on its face." *Id.*; *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1953 (2009). For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true. See *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Hishon v. King & Spalding*, 467 U.S. 69 (1984); *Lanigan v. Village of East Hazel Crest*, 110 F.3d 467 (7th Cir. 1997); *M.C.M. Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.*, 62 F.3d 967, 969 (7th Cir. 1995); *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75 (7th Cir. 1992).

## ANALYSIS

Federal courts are courts of limited jurisdiction. Section 1332(a)(1) confers upon district courts jurisdiction to hear state law claims when complete diversity of citizenship exists between the parties: "The district courts shall have original jurisdiction of all civil actions where the

matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332. Here, the Court lacks diversity jurisdiction because Plaintiff and Defendant are both citizens of Illinois. Thus, Plaintiff's Complaint must assert a claim that arises under federal law or the United States Constitution. See 28 U.S.C. § 1331. Under the well-pleaded complaint rule, a suit arises under federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

Hanson's Amended Complaint does not indicate which jurisdictional statute or constitutional provision he relies on to establish federal question jurisdiction. He did not check the § 1983 box for actions against state officials or the § 1331 box for actions against federal officials; rather, he checked "other" and wrote "suit against an attorney that stole from me and violated my Illinois and US constitutional rights." Although Hanson alleges that Johnson violated his constitutional rights, he has not alleged that Johnson was acting on behalf of the state. Actions under § 1983 require the defendants to be acting under color of state law, and "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Sceifers v. Trigg*, 46 F.3d 701, 704 (7th Cir. 1995) ("Indeed, the actions of Sceifers' deputy public defenders and appointed counsel, which caused the delay, do not constitute state action."). Here, Plaintiff attempts to assert claims against his private counsel. However, a privately retained attorney is not a state actor within the context of § 1983. *Sceifers*, 45 F.3d at 704. Thus, Plaintiff cannot state a claim under § 1983 because the conduct complained of is outside the realm of state action. See *Dudley v. Strong Law Offices*, Case No. 15-1089 (C.D. Ill. March 2, 2015); see also *Wilson v. Warren County*, No. 11-4078 (C.D. Ill. Mar. 30, 2015)

(finding that Johnson and Hanson, defendants in an action apparently based on the same or similar facts asserted here, were not state actors).

Although Hanson has not moved to join additional defendants, he attaches to his Amended Complaint parts of a form complaint where he lists as Defendants the State of Illinois, two Warren County judges, a Warren County State's Attorney, Sherriff, and Detective. That portion of his Amended Complaint claims that the Warren County actors maliciously prosecuted Hanson and attacks the state court conviction and sentence for which he is currently incarcerated. It is unclear whether Hanson intended to assert claims against the Warren County actors, or whether their inclusion was intended as support for his claims against Johnson.

The Eleventh Amendment forbids suits for monetary damages brought against a state in federal court. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984). Here, assuming Hanson is asking a federal court to join the State of Illinois as a Defendant in an action to enforce Illinois law, that claim would be barred by the Eleventh Amendment. See *Pennhurst*, 465 U.S. at 106.("[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. . . . [s]uch a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment."). Thus, sovereign immunity under the Eleventh Amendment prohibits the joinder of the State of Illinois as a necessary party to this action.

The Court need not analyze whether Hanson can sue the individual Warren County actors at this juncture because he has not moved to join them to this lawsuit. Presumably, those actors would be entitled to qualified immunity. However, Hanson's Motion for Default Judgment and his response to Johnson's Motion to Dismiss do not contain any reference to anyone other than Defendant Johnson, leading the Court to believe that Hanson's claim is against Defendant

Johnson alone. See also *Amended Complaint* at 3 (stating, under the "Exhaustion of Administrative Remedies" section, that this lawsuit does not involve state or federal actors). The Court notes, however, that if Hanson wishes to challenge his state court conviction or sentence, the appropriate vehicle for doing such would be through state or federal habeas corpus proceedings, not a civil suit. See *Heck v. Humphrey*. 512 U.S. 477, 486-87 (1994); 28 U.S.C. § 2254.

In sum, Hanson's Amended Complaint fails to establish that his claim is based upon federal law. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). Hanson attempts to assert state law claims against Johnson, but this court does not have diversity jurisdiction to hear such claims because Plaintiff and Defendant are both citizens of Illinois. And although Hanson alleges that Johnson violated his constitutional rights, he cannot establish federal question jurisdiction because Johnson was not acting as a state or federal official. Accordingly, Plaintiff's Amended Complaint must be dismissed for lack of subject-matter jurisdiction. Based on the facts alleged in the Amended Complaint, it is unlikely that Hanson's allegations could fall within this Court's federal question jurisdiction. However, if Plaintiff has a good-faith basis for doing so, he may file an amended complaint within 14 days of this Order curing the deficiencies identified above. Finally, Plaintiff's Motion for Default Judgment is denied because Defendant timely responded to the Amended Complaint. Plaintiff's assertion that he did not receive an answer or other responsive pleading from Defendant is contradicted by his own response to Defendant's motion.

Plaintiff remains responsible for the full filing fee of $350. The agency having custody of Plaintiff shall make monthly payments from Plaintiff's trust fund account to the Clerk of Court each time Plaintiff's account exceeds $10, until the filing fee is paid in full. If Plaintiff does not amend his Complaint within 14 days of this Order, judgment will enter in favor of Defendant. If

5

Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the appellate filing fee regardless of the outcome of the appeal.

## CONCLUSION

For the reasons stated above, Defendant Johnson's Motion [12] to Dismiss is GRANTED and Plaintiff Hanson's Motion [18] for Default Judgment is DENIED. Plaintiff may amend his Complaint within 14 days of this Order if he has a good faith basis for doing so.

Signed on this 11th day of April, 2017.

s/ James E. Shadid  
James E. Shadid  
Chief United States District Judge